### 9932

#### HEYWARD WILLIAMS CO. v. ZEIGLER *ET AL.*

##### (96 S. E. 119.)

1. APPEAL AND ERROR—APPEALABLE ORDERS—ORDER GRANTING NEW TRIAL.—An order granting a new trial in a law case, when based on facts of the case, is not appealable.

2. JUDGMENT—RES JUDICATA—AWARD OF DAMAGES.—In a suit upon notes, wherein defendants alleged that notes turned over to plaintiff as collateral security were sufficient to pay the two first notes, and that the third note was not then due, the amount of damages found by the jury in a former trial, and not appealed from, was not *res judicata*, where the order for a new trial made on the former appeal was a general order for a new trial, and reopened the whole case.

Before GARY, J., Barnwell, Spring term, 1917.   Affirmed. 91 S. E. 298.   See, also, 106 S. C. 425.

Suit by the Heyward Williams Company against P. J. Zeigler and another.

Plaintiff based its action on three notes, the principal sums amounting in the aggregate to $2,856 and 90-100.   The defendants denied owing plaintiff anything, and set up a counterclaim for $10,000.   At the close of the plaintiff's case, defendants moved for the direction of a verdict in their favor, which motion was refused.

The verdict of the jury was as follows: "We find for plaintiff on notes, two thousand seventy-three dollars and forty cents."

"We find for defendants on counterclaim, six hundred and seventy-six dollars and eighty-six cents."

Plaintiff, after the verdict, made a motion for judgment, notwithstanding the verdict of the jury, for the full amount sued for in the complaint, less the sum of $591.75, and less the amount of the counterclaim.   This motion was refused.

The defendants made a motion for a new trial on the minutes of the Court.   The Court held that the verdict as to the counterclaim should stand, but held that the amount found for plaintiff ought to be reduced by deducting there-

from $763 and 22-100 dollars, and ordered that, unless this amount be remitted by plaintiff, a new trial should be had. Both sides appeal.

*Messrs. J. W. Vincent, Jas. A. Willis, C. B. Searson* and *R. C. Holman,* for plaintiff-appellant.

*Messrs. R. P. Searson* and *James M. Patterson,* for defendant-appellant.

*Mr. J. W. Vincent,* for plaintiff-appellant; cites: *As to factor's lien for advancements:* 19 Cyc. 156; 23 S. C. 369; 70 S. E. 802; 19 Cyc. 157; 2 Rich. Eq. 66; Bail. Eq. 430; Bail. Eq. 380. *As to judgment non obstante veredicto:* 6 Rich. L. 208; 77 S. E. 723; Black on Judgments, 2d Ed. 23.

*Messrs. R. P. Searson* and *Jas. M. Patterson,* for defendants-appellants, make no citations.

March 21, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case was tried before his Honor, Judge Frank B. Gary, and a jury. In his charge his Honor makes the following statement of the issues:

"This plaintiff brought suit upon three notes; $801 alleged to be due October 15, 1914, $1,055 alleged to be due November 1, 1914, and $1,000 alleged to be due November 15, 1914. The plaintiff alleges that these defendants executed those three notes to the plaintiff and thereby promised to pay those amounts at the times specified with interest after maturity at 8 per cent. That is their cause of action. The defendants come in and admit that they executed the notes, but they say that at the time the notes were executed there was also executed a contract between the plaintiff and these two defendants; that one of the terms of that contract was that the fertilizer for which these notes were given should be sold to farmers, notes and mortgages taken for the

amounts sold to them, and the notes so taken should be turned over to these plaintiffs as collateral security to these three notes. They allege that there was turned over to these plaintiffs a large number of these farmers' notes and mortgages, and that the cotton covered by those notes and mortgages was turned over to these plaintiffs, that is, a sufficient amount to pay the first two notes, and the third note was not due at the time of the bringing of this action. The defendants claim further that they executed a mortgage of some stock, and that without any just cause or excuse these plaintiffs levied on that stock and sold it and treated it in such a manner—a negligent, careless and wanton way—as to damage them to the extent of $1,500. That is the contention of the defendants. The plaintiffs come back and admit that there was executed a contract requiring that these farmers' notes should be turned over to them, and they admit that there was turned over to them by Mr. Zeigler 53 bales of cotton, but they contend that 53 bales of cotton was not covered by those farmers' notes; that it was sent to them by Mr. Zeigler as an individual; and that they had a right to apply it as they saw fit to apply it, unless Mr. Zeigler specified otherwise, and that they did apply the proceeds to the individual account of Mr. Zeigler, and it was not credited on the three notes, and should not be credited on the three notes."

Early in the case his Honor told the attorneys that the only issues in the case were as to two questions of fact: (1) Was the cotton shipped covered by the mortgage? (2) What was the damage to the stock? On the coming in of the verdict his Honor granted a new trial *nisi*. The condition was not complied with, and the order for a new trial became absolute.

An order granting a new trial, in a law case when based on the facts of the case, is not appealable. The new trial here was based on the facts and is not appealable.

The plaintiff, however, claims that the amount of damages found by the jury in the former case was not appealed from and is *res adjudicata.* This position cannot be sustained, as the new trial ordered in the former appeal was a general order for a new trial and reopened the whole case.

The appeal is dismissed.